UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| RIGOBERTO ARZATE-MIRANDA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 11-CV-116-KKC |
| | ) | |
| V. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**         **         **         **         **

Rigoberto Arzate-Miranda is a federal inmate confined in the United States Penitentiary-Big Sandy in Inez, Kentucky.  Arzate-Miranda, proceeding without counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge a September 7, 2010, prison disciplinary conviction and the resulting loss of 27 days of good time credits.  [R. 1]

Upon review,[1] the Court will grant Arzate-Miranda's pending motions to seal two of his submissions; deny his habeas claim regarding his disciplinary conviction for assault without prejudice for failure to demonstrate that he properly exhausted his administrative remedies; and deny his conditions of confinement claims without prejudice because they can not be asserted in a habeas corpus proceeding.

---

[1]  The Court conducts a preliminary review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  Because Arzate-Miranda is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  Otherwise, the Court may resolve the petition as law and justice require.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On August 27, 2010, while Arzate-Miranda was incarcerated at the United States Penitentiary in Beaumont, Texas, Officer "C." Lovelace charged him with assault in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code ("PAC") 101.  [R. 1, p. 23]  Lovelace alleged that Arzate-Miranda assaulted him after he ordered Arzate-Miranda to submit to a pat-down search.  The Unit Disciplinary Committee referred the charge to a Disciplinary Hearing Officer ("DHO") for further hearing.  [*Id*.].

At the September 2, 2010, disciplinary hearing, Arzate-Miranda denied the charge, stating that someone had grabbed him from behind but that he could remember nothing else about the incident.  He called no other witnesses on his behalf.  In his report, the DHO found Arzate-Miranda guilty of "Assaulting Any Person" in violation of PAC 224 based upon the greater weight of the evidence, which the DHO identified as Arzate-Miranda's statements at the hearing, the Incident Report, and his own observations during the hearing.  [R. 1, pp. 23-24, § V]  The DHO ordered Arzate-Miranda to forfeit 27 days of good time credits, disallowed telephone, visiting, and commissary privileges for 6 months, and ordered Arzate-Miranda to be transferred to another prison. [*Id*., p. 5, § VI]

In his petition, Arzate-Miranda alleges that the DHO was not impartial, discriminated against him, refused to view the surveillance video of the incident, and wrongly convicted him of the disciplinary offense.  He alleges that the disciplinary conviction and resulting loss of good time credits violates his rights to due process and to be free from cruel and unusual punishment as guaranteed by the Fifth and Eighth Amendments to the United States Constitution, respectively. [R. 1, p. 4]

In his petition, Arzate-Miranda repeatedly states that fully exhausted his administrative

remedies by appealing the disciplinary conviction and sanction.  He stated that the BOP South

Central Regional Office ("SCRO") rejected his first appeal on September 16, 2010, and that the BOP

Central Office rejected his final appeal on December 16, 2010.  [R. 1, pp. 2-9]

Between October 14, 2011, and June 11, 2012, Arzate-Miranda filed several additional

documents in this proceeding, in which he complained about numerous conditions of his

confinement while he was confined at the United States Penitentiary - Big Sandy in Inez, Kentucky.

In these documents, he challenges his placement in USP - Big Sandy; his security classification and

custody score; the alleged removal of legal papers from his cell; being ordered to perform excessive

work assignments; harassment and mistreatment; alleged retaliation for filing this habeas petition;

and the alleged denial of access to educational programs, earned wages for prison work, meals,

proper medical treatment, cleaning supplies, and a soft shoe permit.  [R. 13-15, 17-21]  Arzate-

Miranda also alleges that a USP-Big Sandy official improperly charged him with committing another

disciplinary offense for refusing to participate in a scheduled medical examination on November 1,

2011, a PAC 227 violation.  [R. 15; 15-1]

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts

consistently require federal prisoners to fully exhaust the BOP's available administrative remedies

before filing a petition seeking habeas corpus relief pursuant to Section 2241.  *Fazzini v. Northeast*

*Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th

Cir. 1981) (per curiam).  Arzate-Miranda has not demonstrated that he fully exhausted the BOP

administrative remedy process regarding his disciplinary conviction and sanction for assault.  On

September 23, 2010, the SCRO rejected his appeal from the DHO sanction, informing Arzate-

Miranda that he must file his request or appeal ". .  at the appropriate level via regular procedures."

3

[R. 1, p. 29]   On December 29, 2010, the BOP Central Office rejected his appeal because he filed it at the wrong level, and advised him to correct the error if he wished to proceed.   [Id., p. 30] Arzate-Miranda makes no indication that he attempted to correct the deficiencies noted in the SCRO's and Central Office's Rejection Notices by resubmitting his inmate grievance forms at the appropriate level.

Arzate-Miranda did not attach copies of the appeals he submitted either to the SCRO or the Central Office to his petition, so it is unclear in what exact respect his administrative appeals were deficient.   It is, however, clear from Arzate-Miranda's attachments that he has not "properly" exhausted his challenge to his disciplinary conviction and sanction.   Neither the SCRO nor the BOP Central Office has addressed his Fifth and Eighth Amendment challenges on the merits; they merely rejected his appeals as procedurally deficient in some respects.   The deficiencies remain uncured at this time.   In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id*. at 90.

BOP regulations provide that the administrative remedy coordinator at any level may reject and return to an inmate any request or appeal that does not meet the requirements of the administrative remedy program.   28 C.F.R. § 542.17(a); BOP Program Statement P1330.16, p. 9. A rejection of an administrative remedy is not the same as the BOP having ruled on the merits of an administrative remedy.   A prisoner's failure either to complete the exhaustion of administrative remedies or cure the deficiencies with his remedies constitutes a failure to exhaust.   *Cf. Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002) (inmate failed to exhaust available remedies when

4

he did not take advantage of opportunity to fix grievance that was rejected for procedural reason); *Jones v. Wilson,* 2009 WL 3211512, at *2-3 (E.D. Ky. 2009) (habeas petitioner did not properly appeal his disciplinary conviction where, during the administrative remedy process, he failed to cure the deficiency set forth in the BOP's rejection notice); *Tucker v. Sawyer*, 2001 WL 34780351 (E.D. Va. 2001) (same).   Arzate-Miranda's habeas petition will be denied without prejudice to him re-submitting his administrative remedies in the proper manner and, if unsuccessful at the administrative levels, filing another Section 2241 petition challenging his September 7, 2010, disciplinary conviction and sanction.[2]

Further, Arzate-Miranda cannot challenge the conditions of his confinement by filing a petition seeking habeas relief under Section 2241.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).  He must assert those claims in a civil rights action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and pay the $350.00 filing fee.  Prior to filing a *Bivens* action asserting any of each condition of confinement claims raised in this action, Arzate-Miranda must fully exhaust his various condition of confinement claims by completing the BOP's three-step administrative remedy process, set forth in 28 C.F.R. §§ 542.10-19, as to each

---

[2] Before he was found guilty of the assault on September 7, 2010, Arzate-Miranda was twice convicted at USP-Beaumont of "Refusing to Accept a Program Assignment," and lost 13 days of good time credits as a result of each conviction.  [R. 1, pp. 17-18; 20-21]  In a supplemental filing [R. 2] Arzate-Miranda alleges that he was convicted of the same offense a third time and lost 13 more days of good time credits as a result.  [R. 1, p. 22]

It is not entirely clear whether Arzate-Miranda intended to challenge these disciplinary findings in this proceeding as well, or whether he merely contends that these convictions somehow impugn the validity of the assault conviction.  [R. 2, p. 2]  To the extent he did wish to challenge these convictions, the Court will deny those claims without prejudice, both because Arzate-Miranda failed to demonstrate that he exhausted the inmate grievance process as to any of them, and because such claims are factually and legally unrelated to his assault conviction.  If he wishes to challenge these disciplinary convictions, he must file a separate habeas corpus petition to do so, once he has fully exhausted his administrative appeals as to each of them.

claim.  Finally, the Court will grant Arzate-Miranda's motions to seal two of his submissions. [R. 15, 17]

Accordingly, **IT IS ORDERED** as follows:

(1)     Rigoberto Arzate-Miranda's motions to seal his filings [R. 15, 17] are **GRANTED**.

(2)     Arzate-Miranda's challenge petition for writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE.**

(3)     Arzate-Miranda's claims challenging the conditions of his confinement at USP - Big Sandy [R. 13-15; 17-21] are denied without prejudice.

(4)     This proceeding is **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 18th day of June, 2012.

Signed By:

*Karen K. Caldwell*

**United States District Judge**